UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON, #748757,  )
      Plaintiff,  )
        )  No. 2:20-cv-148
-v-  )
        )  HONORABLE PAUL L. MALONEY
PATRICIA LEWIS,  )
      Defendant.  )
        )

## ORDER

This is a civil rights action brought by state prisoner Douglas Jackson pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Jackson's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 69; Objection ECF No. 78). For the reasons to be stated, the Court will overrule the objection, adopt the R&R as the opinion of the Court, and deny the motion.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Jackson brings six objections, which the Court will address in the order presented. First, he argues that there is an Eighth Amendment exception to the PLRA's exhaustion requirement. No such exception exists: A prisoner must exhaust all available administrative remedies for any claim brought under § 1983, including an Eighth Amendment claim. *See Jones v. Bock*, 549 U.S. 199, 212-16 (2007). This objection is overruled.

Second, Jackson argues that the grievance process was not available to him because he was placed on modified access. The Court notes that the R&R addresses and rejects this argument, and Jackson has not identified any specific error in the R&R. In any event, the Sixth Circuit has found that modified access to the grievance process does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances; it simply requires the prisoner to obtain permission from the grievance coordinator to file a grievance. *See Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005). This objection is overruled.

Third, Jackson objects to the R&R's conclusion that he did know Defendant's name before August 26, 2020. Jackson clarifies that he did not know Defendant's name before August 26, 2019. The Court finds this argument irrelevant: whether Jackson knew Defendant's name or not does not absolve him of the duty to exhaust administrative remedies before filing this lawsuit. This objection is overruled.

Fourth, Jackson argues that he did not submit the three additional grievances with his response to Defendant's motion to prove that he had exhausted his claims, but that he submitted them to prove that Defendant purposefully failed to include them with her motion. This objection is also irrelevant: the Court notes that the R&R considered and fully evaluated these grievances, regardless of why Jackson presented them to the Court. To the extent that this is an objection, it is overruled.

Fifth, Jackson argues that these three grievances were improperly rejected. It is not clear why Jackson presents this argument, as the R&R did not conclude (nor does the record support a conclusion) that these grievances were rejected. The R&R concludes that these grievances were in "unknown" status at the time the complaint was filed because Jackson had not yet appealed these grievances through Step III yet. The complaint was dated August 14, 2020 and filed by the Court on August 19, 2020; the Step III appeals for these grievances were filed on August 17, 27, and September 17, 2020, respectively. Therefore, the grievances were not "improperly rejected" as Jackson claims; they were merely unexhausted—as the R&R concludes. The Court finds no error in the R&R and will overrule this objection.

Sixth and finally, Jackson argues that the R&R improperly concludes that these grievances are irrelevant to his complaint because the R&R "unreasonably" limits his

3

complaint to the period between September 9, 2019 and July 16, 2020. The Court finds no error in the R&R because the first paragraph of Jackson's complaint explains that he grieved his pain and symptoms from September 9, 2019 to July 16, 2020: it was Jackson that limited the scope of his pleadings, not the R&R. These three grievances concern conduct on or after July 17, 2020, so the R&R properly concluded that they are irrelevant. There is no error in the R&R, and this objection will be overruled.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the May 18, 2021 R&R (ECF No. 69) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 78) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 48) is **GRANTED**. Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** July 23, 2021                                      /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge